B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Edwina Brooke-Petit | **DEFENDANTS**<br>Robert Spagnuolo, Jr.<br>dba Spagnuolo Construction |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Herbert Weinberg, Esquire<br>Rosenberg & Weinberg<br>805 Turnpike St., North Andover, MA 01845 | **ATTORNEYS** (If Known)<br>Laurel Bretta, Esquire<br>Bretta & Grimaldi<br>19 Mystic Ave., Medford, MA 02155 |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Claims against Debtor
11 U.S.C. Section 523(a)(2) and 11 U.S.C. Section 523(a)(6)

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>Robert E. Spagnuolo, Jr. || BANKRUPTCY CASE NO.<br>11-10844 JNF |||
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts || DIVISION OFFICE || NAME OF JUDGE<br>Joan Fenney |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||||
| DATE ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE:<br><br>ROBERT E. SPAGNUOLO, JR.,<br>DEBTOR<br><br>Edwina Brooke-Petit,<br>    Plaintiff<br><br>v.<br><br>Robert Spagnuolo, d/b/a<br>Spagnuolo Construction<br>    Defendants | CHAPTER 7<br>CASE NO. 11-10844-JNF<br><br><br>Adv. Pro. No._____ |

## COMPLAINT TO DETERMINE DISCHARGEABILITY

Plaintiff, Edwina Brooke-Petit, brings this action to determine that her claims against the Defendant, Robert Spagnuolo, d/b/a Spagnuolo Construction, are nondischargeable pursuant to 11 U.S.C. Section 523(a)(2) and 11 U.S.C. Section 523(a)(6).

### Jurisdiction and Venue

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. Sections 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. Sections 1408 and 1409. This is a "core" proceeding pursuant to 28 U.S.C. Section 157(b).

3. The statutory predicate for the relief sought herein is 11 U.S.C. Section 523(a).

### Parties

4. Plaintiff, Edwina Brooke-Petit ("Brook-Petit"), is an individual with a principal residence of 535 Beacon Street Boston, Massachusetts 02454.

5. The Defendant, Robert Spagnuolo, d/b/a Spagnuolo Construction ("Spagnuolo") is an individual with a principal residence of 50 North Margin Street, Boston, Massachusetts 02113.

**Facts Common to All Counts**

6. Brooke-Petit is the owner of certain real estate located 131 Timberlane Drive, Mashpee, Massachusetts (the "Premises").

7. Upon information and belief, Spagnuolo is engaged in the construction industry, providing renovation, construction and general contractor services to, *inter alia*, home owners in the Commonwealth.

8. In 2005, Brooke-Petit engaged Spagnuolo to perform and supervise extensive renovations and construction at the premises (the "Project").

9. Spagnuolo failed to provide Brooke-Petit with a written contract prior to commencement of the Project.

10. Spagnuolo both performed certain services himself, and hired and supervised other contractors to provide other services in connection with the Project (the "Subcontractors").

11. Spagnuolo failed to obtain proper and required permits in connection with the Project. The permit that he did obtain was incomplete, incorrect and he signed without authorization on behalf of Brooke-Petit.

12. Spagnuolo's work was shoddy, incomplete and incompetent and caused significant damage to the Premises.

13. Spagnuolo failed to supervise the Subcontractors.

14. The work of Subcontractors was also substandard and unacceptable, causing further damage to the Premises.

15. The value of the Property was substantially diminished due to Spagnuolo's conduct and as a result, the then existing structure had to be torn down and a new structure built.

16. Brooke-Petit has suffered substantial damages caused by Spagnuolo's breach of contract and other failures and conduct, and is not aware of any liability insurance of Spagnuolo suitable to cover such damages.

17. Spagnuolo made false representations including but not limited to the services performed.

18. Spagnuolo fraudulently obtained money from Brooke-Petit.

19. Spagnuolo obtained money from Brooke-Petit under false pretenses.

20. On November 2, 2006, Brooke-Petit filed a complaint against Spagnuolo in the Middlesex County Superior Court (the "Trial Court") for damages resulting from the Spagnuolo's breach of contract, fraud, unfair and deceptive trade practices in violation of Massachusetts General Laws Chapter 93A, and breach of Massachusetts General Laws Chapter 142A (the "Trial Court Complaint"). A true and accurate copy of the Trial Court Complaint is incorporated herein by reference and attached hereto as Exhibit A.

21. The State Court held a four day trial ending on August 24, 1010.

22. The Judge gave a detailed and explicit instruction on each of all five elements of fraud and the damages to be assessed.

23. On August 24, 2010, the jury entered a verdict of $250,000 against the Debtor. The jury found fraud as evidenced by the Jury's "yes" response to special questions, including:

FRAUD:

3. Did the Defendant commit fraud, deceit, and/or misrepresentations by any means, in connection with the services provided by the Defendant to the Plaintiff?"

22. On August 24, 2010, immediately after the Jury had been discharged, the Judge hearing the matter, Judge Dennis J. Curren, held a Massachusetts Rules of Civil Procedure Rule 69[1] to determine the Debtor's ability to pay the said judgment. A copy of the transcript is annexed hereto as Exhibit "B".

4. At the Rule 69 hearing during which the Debtor had counsel, the transcript on page 15 (15) reflects:

The Court: this is a fraudulent finding by the jury. Do you understand?

Mr. Spagnuolo: Yes

The Court: It's not protected by bankruptcy. Are we all on the same page?

Mr. Spagnuolo: Yes.

---

[1] Mass. R. Civ. P. Rule 69 (Execution), states as follows: Process to enforce a judgment for the payment of money shall be a writ of execution, unless the Court directs otherwise. The procedure on execution, in proceedings on and in aid of execution shall be in accordance with applicable statutes. In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules.

23. The Defendant Spagnuolo timely filed a notice of appeal which he did not prosecute, and on or about December 28, 2010, the Court dismissed the appeal with Prejudice. It is apparent that Debtor only filed the Notice of Appeal to allow him to sell real property, his principal residence at 8 Concord Road, Stoneham, MA, on September 15, 2010, to a third party, at a substantial gain.[2]

24. On February 1, 2011, Robert Spagnuolo, Jr. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Code.

## COUNT I
### (Nondischargeability – 11 U.S.C. Sec. 523(a)(2))

25. Brooke-Petit repeats and incorporated by reference the allegations in contained in paragraph 1 through 24 of this Complaint.

26. Section 523(a) of the Bankruptcy Code excepts certain debts from discharge, and provided in pertinent part:

> A discharge under Section 727, 1141, 1228(a), 1228(b) or 1328b) of this title does not discharge an individual debtor from any debt
>
> (2) ...money...to the extent obtained by (a) False Pretenses, a false representation or actual fraud

11 U.S.C. Section 523(a).

27. Spagnuolo's conduct in connection with the Trial Court Complaint was false pretenses, false representation and actual fraud.

28. Spagnolo's conduct in connection with the Trial Court Complaint injured Brooke-Petit and the Property.

29. Brooke-Petit's claims against Spagnuolo arise out of the Judgment on account of Spagnuolo's false pretenses, false representations and actual fraud.

30. Brooke-Petit's entire claims against Spagnuolo are nondischargeable pursuant to Section 523(a)(2) of the Bankruptcy Code.

---

[2] On or about September 16, 2010, $337,151.87 was deposited into an account at Century Bank, #21663920, under the Debtor's wife's name (Andrea Spagnuolo). This deposit coincides with the recording of the Deed for the 8 Concord Road property on September 15, 2010. Further, this property was originally purchased by Debtor for fair market value ($93,000.00) on June 17, 1988. Brooke asserts that it was fraudulently transferred by Debtor to a nominee trust and then to Debtor's wife for nominal consideration. Notwithstanding, at all times Debtor unilaterally controlled the property and the proceeds thereof.

31. The fraud issue was finally adjudicated in State Court and the Debtor is collaterally estopped from challenging that the claims are nondischargeable under 11 U.S.C. Section 523(a)(6).

## COUNT II
### (Nondischargeability – 11 U.S.C Section 523(a)(6)

32. Brooke-Petit represents and incorporates herein by reference the allegations contained in paragraphs 1 through 31 of this Complaint.
33. Section 523(a) of the Bankruptcy Code excepts certain debts from discharge and provided, in pertinent part:

> A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (6)  for willful and malicious injury by the Debtor to another entity or to the property of another entity.

11 U.S.C. Section 523(a)

34. Spagnuolo's conduct in connection with the Trial Court Complaint was willful and malicious.
35. Spagnuolo's conduct in connection with the Trial Court Complaint violated Chapter 93A and Chapter 142A of the Massachusetts General Laws.
36. Spagnuolo's conduct in connection with the Trial Court Complaint injured Brooke-Petit and the Property.
37. Brooke-Petit's claims against Spagnuolo arise out of the Judgment on account of Spagnuolo's willful and malicious injury to her.
38. Brooke-Petit's entire claims against Spagnuolo are nondischargeable pursuant to Section 523(a)(6) of the Bankruptcy Code.

WHEREFORE, Edwina Brooke-Petit respectfully requests that this Court:
 (a) after trial, enter judgment in favor of Brooke-Petit and against Spagnuolo on Count I of the Complaint;
 (b) after trial, enter judgment in favor Brooke-Petit and against Spagnuolo on Count II of the Complaint;

(c) after trial, enter judgment determining that the claims of Brooke-Petit against Spagnuolo are nondischargeable pursuant to Section 523(a)(2) of the Bankruptcy Code; and

(d) award Brooke-Petit such other and further relief as this Court deems just and necessary.

                                    Edwina Brooke-Petit

                                    By her attorneys,

                                  /s/ Herbert Weinberg
                                  Herbert Weinberg (BBO #550415)
                                  Rosenberg & Weinberg
                                  805 Turnpike Street
                                  North Andover, MA 01845
                                  (978) 683-2479
                                  hweinberg@jrhwlaw.com

Dated: September 28, 2011