**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br><br>ROBERT E. SPAGNUOLO, JR.,<br>DEBTOR | CHAPTER 7<br>CASE NO. 11-10844-JNF |
| Edwina Brooke-Petit,<br>Plaintiff<br><br>v.<br><br>Robert Spagnuolo, d/b/a<br>Spagnuolo Construction<br>Defendants | Adv. Pro. No.__________ |

## COMPLAINT TO DETERMINE DISCHARGEABILITY

Plaintiff, Edwina Brooke-Petit, brings this action to determine that her claims against the Defendant, Robert Spagnuolo, d/b/a Spagnuolo Construction, are nondischargeable pursuant to 11 U.S.C. Section 523(a)(2) and 11 U.S.C. Section 523(a)(6).

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. Sections 157 and 1334.
2. Venue is proper in this District pursuant to 28 U.S.C. Sections 1408 and 1409. This is a "core" proceeding pursuant to 28 U.S.C. Section 157(b).
3. The statutory predicate for the relief sought herein is 11 U.S.C. Section 523(a).

**Parties**

4. Plaintiff, Edwina Brooke-Petit ("Brook-Petit"), is an individual with a principal residence of 535 Beacon Street Boston, Massachusetts 02454.
5. The Defendant, Robert Spagnuolo, d/b/a Spagnuolo Construction ("Spagnuolo") is an individual with a principal residence of 50 North Margin Street, Boston, Massachusetts 02113.

**Facts Common to All Counts**

6. Brooke-Petit is the owner of certain real estate located 131 Timberlane Drive, Mashpee, Massachusetts (the "Premises").

7. Upon information and belief, Spagnuolo is engaged in the construction industry, providing renovation, construction and general contractor services to, *inter alia*, home owners in the Commonwealth.

8. In 2005, Brooke-Petit engaged Spagnuolo to perform and supervise extensive renovations and construction at the premises (the "Project").

9. Spagnuolo failed to provide Brooke-Petit with a written contract prior to commencement of the Project.

10. Spagnuolo both performed certain services himself, and hired and supervised other contractors to provide other services in connection with the Project (the "Subcontractors").

11. Spagnuolo failed to obtain proper and required permits in connection with the Project. The permit that he did obtain was incomplete, incorrect and he signed without authorization on behalf of Brooke-Petit.

12. Spagnuolo's work was shoddy, incomplete and incompetent and caused significant damage to the Premises.

13. Spagnuolo failed to supervise the Subcontractors.

14. The work of Subcontractors was also substandard and unacceptable, causing further damage to the Premises.

15. The value of the Property was substantially diminished due to Spagnuolo's conduct and as a result, the then existing structure had to be torn down and a new structure built.

16. Brooke-Petit has suffered substantial damages caused by Spagnuolo's breach of contract and other failures and conduct, and is not aware of any liability insurance of Spagnuolo suitable to cover such damages.

17. Spagnuolo made false representations including but not limited to the services performed.

18. Spagnuolo fraudulently obtained money from Brooke-Petit.

19. Spagnuolo obtained money from Brooke-Petit under false pretenses.

20. On November 2, 2006, Brooke-Petit filed a complaint against Spagnuolo in the Middlesex County Superior Court (the "Trial Court") for damages resulting from the Spagnuolo's breach of contract, fraud, unfair and deceptive trade practices in violation of Massachusetts General Laws Chapter 93A, and breach of Massachusetts General Laws Chapter 142A (the "Trial Court Complaint"). A true and accurate copy of the Trial Court Complaint is incorporated herein by reference and attached hereto as Exhibit A.
21. The State Court held a four day trial ending on August 24, 1010.
22. The Judge gave a detailed and explicit instruction on each of all five elements of fraud and the damages to be assessed.
23. On August 24, 2010, the jury entered a verdict of $250,000 against the Debtor. The jury found fraud as evidenced by the Jury's "yes" response to special questions, including:

    FRAUD:

    3. Did the Defendant commit fraud, deceit, and/or misrepresentations by any means, in connection with the services provided by the Defendant to the Plaintiff?"

22. On August 24, 2010, immediately after the Jury had been discharged, the Judge hearing the matter, Judge Dennis J. Curren, held a Massachusetts Rules of Civil Procedure Rule 69[1] to determine the Debtor's ability to pay the said judgment. A copy of the transcript is annexed hereto as Exhibit "B".

    4. At the Rule 69 hearing during which the Debtor had counsel, the transcript on page 15 (15) reflects:

    The Court: this is a fraudulent finding by the jury. Do you understand?

    Mr. Spagnuolo: Yes

    The Court: It's not protected by bankruptcy. Are we all on the same page?

    Mr. Spagnuolo: Yes.

---

[1] Mass. R. Civ. P. Rule 69 (Execution), states as follows: Process to enforce a judgment for the payment of money shall be a writ of execution, unless the Court directs otherwise. The procedure on execution, in proceedings on and in aid of execution shall be in accordance with applicable statutes. In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules.

23 The Defendant Spagnuolo timely filed a notice of appeal which he did not prosecute, and on or about December 28, 2010, the Court dismissed the appeal with Prejudice. It is apparent that Debtor only filed the Notice of Appeal to allow him to sell real property, his principal residence at 8 Concord Road, Stoneham, MA, on September 15, 2010, to a third party, at a substantial gain.[2]

24. On February 1, 2011, Robert Spagnuolo, Jr. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Code.

**COUNT I**

**(Nondischargeability – 11 U.S.C. Sec. 523(a)(2))**

25. Brooke-Petit repeats and incorporated by reference the allegations in contained in paragraph 1 through 24 of this Complaint.

26. Section 523(a) of the Bankruptcy Code excepts certain debts from discharge, and provided in pertinent part:

> A discharge under Section 727, 1141, 1228(a), 1228(b) or 1328b) of this title does not discharge an individual debtor from any debt
>
> (2) …money…to the extent obtained by (a) False Pretenses, a false representation or actual fraud

11 U.S.C. Section 523(a).

27. Spagnuolo's conduct in connection with the Trial Court Complaint was false pretenses, false representation and actual fraud.

28. Spagnolo's conduct in connection with the Trial Court Complaint injured Brooke-Petit and the Property.

29. Brooke-Petit's claims against Spagnuolo arise out of the Judgment on account of Spagnuolo's false pretenses, false representations and actual fraud.

30. Brooke-Petit's entire claims against Spagnuolo are nondischargeable pursuant to Section 523(a)(2) of the Bankruptcy Code.

---

[2] On or about September 16, 2010, $337,151.87 was deposited into an account at Century Bank, #21663920, under the Debtor's wife's name (Andrea Spagnuolo). This deposit coincides with the recording of the Deed for the 8 Concord Road property on September 15, 2010. Further, this property was originally purchased by Debtor for fair market value ($93,000.00) on June 17, 1988. Brooke asserts that it was fraudulently transferred by Debtor to a nominee trust and then to Debtor's wife for nominal consideration. Notwithstanding, at all times Debtor unilaterally controlled the property and the proceeds thereof.

31. The fraud issue was finally adjudicated in State Court and the Debtor is collaterally estopped from challenging that the claims are nondischargeable under 11 U.S.C. Section 523(a)(6).

**COUNT II**

**(Nondischargeability – 11 U.S.C Section 523(a)(6)**

32. Brooke-Petit represents and incorporates herein by reference the allegations contained in paragraphs 1 through 31 of this Complaint.
33. Section 523(a) of the Bankruptcy Code excepts certain debts from discharge and provided, in pertinent part:

> A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (6) for willful and malicious injury by the Debtor to another entity or to the property of another entity.

11 U.S.C. Section 523(a)

34. Spagnuolo's conduct in connection with the Trial Court Complaint was willful and malicious.
35. Spagnuolo's conduct in connection with the Trial Court Complaint violated Chapter 93A and Chapter 142A of the Massachusetts General Laws.
36. Spagnuolo's conduct in connection with the Trial Court Complaint injured Brooke-Petit and the Property.
37. Brooke-Petit's claims against Spagnuolo arise out of the Judgment on account of Spagnuolo's willful and malicious injury to her.
38. Brooke-Petit's entire claims against Spagnuolo are nondischargeable pursuant to Section 523(a)(6) of the Bankruptcy Code.

WHEREFORE, Edwina Brooke-Petit respectfully requests that this Court:

(a) after trial, enter judgment in favor of Brooke-Petit and against Spagnuolo on Count I of the Complaint;

(b) after trial, enter judgment in favor Brooke-Petit and against Spagnuolo on Count II of the Complaint;

(c) after trial, enter judgment determining that the claims of Brooke-Petit against Spagnuolo are nondischargeable pursuant to Section 523(a)(2) of the Bankruptcy Code; and

(d) award Brooke-Petit such other and further relief as this Court deems just and necessary.

Edwina Brooke-Petit

By her attorneys,

/s/ Herbert Weinberg
Herbert Weinberg (BBO #550415)
Rosenberg & Weinberg
805 Turnpike Street
North Andover, MA 01845
(978) 683-2479
hweinberg@jrhwlaw.com

Dated: September 28, 2011