If the plaintiff has not proven that the defendant breached the contract, then you will not consider the issue of damages.

If the defendant, Mr. Spagnuolo, did breach the contract, you must then decide the amount of the plaintiff's damages, if any.

Before the plaintiff can recover damages under any theory of recovery, she must prove the defendant's breach caused those damages.

Now, the basic principle of contract damages is that the injured party should be put in as good a position as if the other party had fully performed its obligations under the contract. So the basic principle is to put the person in as good a position as if the other party had fully performed its obligations under the contract.

In order to recover damages against Mr. Spagnuolo, Ms. Brooke-Petit must demonstrate that the damages complained of were caused by Mr. Spagnuolo's conduct. Now, if the damages were caused by Ms. Petit or by somebody other than the defendant, the plaintiff, Ms. Petit, is not -- Brooke-Petit is not entitled to damages from Mr. Spagnuolo.

Now, Ms. Brooke-Petit is entitled to recover damages sufficient to give her the benefit of the contract bargain as long as those damages are reasonably proven. In other words, she's entitled to those damage that would put her in a position to obtain what she bargained to obtain, such as

compensation in money that can be computed by rational methods upon a firm factual basis.

Now, an injured party, Ms. Brooke-Petit here is alleged to have been that party, is entitled to recover both general and specific damages. What are general damages? Those which flow according to common understanding as the natural and probable consequence of a breach.

Consequential damages result from special circumstances known or presumed to have been known to the parties.

Now, in a construction contract, the measure of damages is where the builder fails to complete a construction job, and it should be measured by the difference between the value of the job -- of the work in disrepair and the value of the subject structure if satisfactorily completed according to the contract. So the measure of damages awarded in a construction contract should be, where the builder fails to complete a construction job should be measured by the difference between the value of the -- value of the work in disrepair and the value of the subject structure if satisfactorily completed according to the contract.

Now, let's move on to a subject, the subject of fraud. So we've completed our discussion on breach of contract. We move on to the allegation of fraud. And what are the elements of fraud? In this case, Ms. Brooke-Petit claims the defendant, Spagnuolo, misrepresented important facts including, but not

limited to, the cost to do the construction remodeling services at her home at Mashpee, the materials to be used, the subcontractor work, the payments made to them, and the actual construction or remodeling work done on the plaintiff's property which the plaintiff says she would not have done if she had known the true state of affairs. As a result, Ms. Brooke-Petit claims that she was financially harmed.

Mr. Spagnuolo, for his part, denies that he misrepresented any important fact to Ms. Brooke-Petit.

Ms. Brooke-Petit may recover money damages from Mr. Spagnuolo if and only if she proves by a fair preponderance of the evidence, meaning again more likely than not by credible evidence, the following five factors. So five elements to a fraud claim. Five elements to a fraud claim.

One, that Mr. Spagnuolo made a false statement or statements to the plaintiff, and that statement or -- or those statements concerned some fact that a reasonable person would consider important to the decision that the plaintiff was about to make. So fact number -- I mean element number one is that the defendant, Mr. Spagnuolo, made a false statement or statements to the plaintiff -- plaintiff and that statement or those statements concerned some fact that a reasonable person would consider important to the -- to the decision that Ms. Brooke-Petit was about to make.

Now what is a -- a material fact? A material fact -- now,

you'll hear me -- hear me use -- hear me use that word material a couple more times. A material -- material fact is a fact that a reasonable person would attach importance to in determining his or her choice of action in the transaction. A fact is material if a reasonable person would attach importance to it in determining his or her choice of action in the transaction in question.

Two, the second element that again -- again must be proven by a preponderance of the evidence is that when Mr. Spagnuolo made the statement, the defendant either knew that the statement was false or recklessly made the statement by willfully disregarding its truth or falsity. So two is that when Mr. Spagnuolo allegedly made the statement, he knew either that the statement was false or he recklessly made the statement by willfully disregarding its truth or falsity.

Third element, Mr. Spagnuolo made the false statement with the intention that the plaintiff would rely on that statement in making her decision. So three is that -- it is called reliance. That's where the -- Mr. Spagnuolo allegedly made the false statement with the intention that Ms. Brooke-Petit would rely on that statement in making her decision.

Four, that in making her decision, Ms. Brooke-Petit did in fact rely upon the defendant's statement as true and that all -- her reliance was reasonable under the circumstances.

And, five, that the plaintiff suffered some financial loss

as a result of relying on the defendant's false statement.

So usually the -- the last element in each one of these theories of recovery is that you have to show damages, and they have to -- financial damages, and they have to be related to the -- to the actions of the defendant. That's always -- almost always last -- the last element. I think it is the last element.

So if the plaintiff has proven these five elements by a preponderance of the evidence, your verdict will be for the plaintiff, and you must then go on to determine the amount of money damages to be awarded her.

If the plaintiff has failed to prove any one of these five elements, then your verdict must be for the defendant.

Now, before I move further -- off of discussion for that, does anybody want me to define any of these elements again? I -- there's no harm here. No -- no harm, no foul we used to say. No? Okay.

All right. So let's talk about a false statement -- anybody? No. Okay.

False statement of fact, the defendant can be held responsible for an intentional or a reckless misrepresentation about an existing fact. A fact, as opposed to an opinion, estimate, or intention, is a statement whose truth or falsity is capable of being determined with certainty. Generally, Mr. Spagnuolo cannot be held responsible for a statement about a

future event, although there is an exception to that rule if the defendant had greater expertise about a particular future -- future event that was being discussed.

Mr. Spagnuolo can be held responsible for a misrepresentation about his opinion, his estimate or intention, but only if he intentionally misrepresented his opinion, estimate or intention.

Let's talk about false statements of facts or opinions. Fraud may be perpetrated by an implied as well as by an expressed representation. Fraud may be perpetrated by an implied as well as by an expressed interpretation -- representation, excuse me. A statement that in form is one of opinion in some circumstances may be reasonably interpreted by the recipient or listener to imply that the maker of the statement knows facts that would justify the opinion. In this case, it's for you as the jury to determine whether the statement made by Mr. Spagnuolo was one of fact or opinion.

Now, let's talk about false statements and the nature of half-truths and silence or conduct or statements calculated to mislead. Mr. Spagnuolo can be held responsible not only for outright untrue statements but also for giving misleading, partial information or for telling half-truths. The defendant cannot, however, be held responsible to the plaintiff based solely on his silence about a matter about which he wasn't asked.

Case 11-01290 Doc 41-4 Filed 11/15/12 Entered 11/15/12 15:08:27 Desc Exhibit 2 Page 7 of 10



Now, although Mr. Spagnuolo has - was under no duty to volunteer information, if -- if he spoke on a given point, either voluntarily or at the plaintiff's request, he must have spent -- then spoken honestly and must have divulged all material facts about which he knew that bore upon the subject.

Additionally, deception need not be direct to come within the reach of the law. If you find that the defendant's statements and conduct combined were calculated to mislead the plaintiff and that they did in fact mislead her and that the plaintiff was acting reasonably, then this is enough to constitute intentional misrepresentation.

Let's shift for a moment to talk about to known -- knowledge of falsity and willful disregard of truth or falsity. Mr. Spagnuolo is liable if he made a false statement of fact knowing it to be false. Likewise, if he made an unqualified statement about facts, the truth or falsity of which he could've determined with certainty and gave Ms. Brooke-Petit -- Brooke-Petit the reasonable impression that he was speaking of his knowledge, than Mr. Petit -- Mr. Spagnuolo is not excused from liability if he didn't in fact know whether the statement was true or false. The law regards such willful disregard of the facts as equivalent to an intentional misrepresentation. Actual intent to deceive need not be proven.

Now, the plaintiff must prove that the defendant intended

that the plaintiff would rely on the misrepresentation and that reliance, as I said before, must be reasonable. So what are we talking about? As I say, plaintiff must prove that she relied upon his misrepresentation and misrepresentation is material. If it is shown that the misrepresentation was one of the principle grounds, although not necessarily the sole ground or only ground, that caused Ms. Brooke-Petit to take the particular action that the defendant intended her to take as a result of the representations and that otherwise, Ms. Brooke Petit wouldn't have taken such action.

Furthermore, Ms. Brooke-Petit may recover only if her reliance on the defendant's statement was reasonable and justifiable under the circumstances. Ordinarily, Ms. Brooke-Petit, as a plaintiff, is not required to investigate the truth of assertions that were made to her. The recipient of a fraudulent misrepresentation of fact is ordinarily justified in relying on its truth, although she might have ascertained that the falsity of the representation had she made an investigation.

If the defendant's representations were such so as to induce the plaintiff not to undertake an independent in -- examination of the pertinent facts, lulling her into placing confidence into his insurances, then her failure to ascertain the truth through investigation doesn't preclude recovery. This is so even though the defendant, Mr. Spagnuolo's,

representations were not conspicuously false.

And I remind you that if you do reach the issue of -- of -- of damages in this -- in this regard on the fraud elements just as you did on -- on -- just as you're going to entertain that exercise of looking at each of the elements and the breach of contract, remember there's five elements, each of which have to be proven by a preponderance of the evidence in the fraud area. You're not to engage in punitive damages, but you are to award the plaintiff an amount of money that's the difference between the value of the work in disrepair and as misrepresented by the defendant and the value of the structure if satisfactorily completed according to the agreement and/or the misrepresentations not having been made by the defendant.

In other words, if you reach the issue of damages, award Ms. Brooke-Petit a sufficient amount of money to put her in the position that she would've been in if the situation had been as represented by the plaintiff -- by the defendant.

In other words, you award her the benefit of the bargain or the benefit of the contract with the defendant if those damages are proven with reasonable certainty, and mathematical precision is not required.

If the misrepresentation caused the plaintiff incur -- to incur any additional expenses that were reasonably foreseeable as a result of Mr. Spagnuolo's misrepresentation then you're to award Ms. Brooke-Petit an additional amount of money that

will compensate her for those additional expenses she incurred.

So we've now covered the breach of contract and the fraud claims. Let me move onto the sub -- to the subject of the home improvement contractor statute. That is Chapter 142A of the general laws.

Now, what are -- what kind of properties are governed by this statute? Well, a homeowner's house was -- let me -- let's -- let's define owner under the statute. We are talking about the homeowners -- the homeowner. So what do we mean by the owner? Well, owner is defined under the law as any homeowner of a preexisting owner occupied building containing at least one or not more than four dwelling units who orders, contracts, or purchases the services of a contractor or subcontractor. So what is an owner? It's defined under the statute as any homeowner of a preexisting owner occupied building containing at least one or not more than four dwelling units who orders or contracts or purchases the services from a con -- subcontractor or contractor.

Now, the case law, this -- this is the statute. It's right here. That's the statute. Chapter 142A.

And I've just read to you the definition right from -- well, excerpted from -- from section one in that -- chapter -- section one of that all define -- defines different words including the word owner. So there was a case that further