UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**ROBERT E. SPAGNUOLO, JR.,**             Chapter 7
    Debtor                              Case No. 11-10844-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~

**EDWINA BROOKE-PETIT,**
    Plaintiff
v.                                         Adv. P. No. 11-1290
**ROBERT E. SPAGNUOLO, JR.,**
    Defendant

~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

    The matter before the Court is the Motion to Dismiss Plaintiff's Amended Complaint with Prejudice filed by the Debtor, Robert Spagnuolo, Jr., d/b/a Spagnuolo Construction (the "Defendant" or the "Debtor"). The Plaintiff, Edwina Brooke-Petit (the "Plaintiff"), has filed an Opposition to the Motion. For the reasons set forth below, the Court grants the Defendant's Motion in part and dismisses Count II of the Plaintiff's Amended Complaint. The Defendant's Motion to Dismiss Count I is moot as the Court, on May 15, 2013 simultaneously with issuance of this Memorandum, granted the Plaintiff's Motion for

1

Summary Judgment with respect to Count I of her original complaint.

## II. BACKGROUND

The Plaintiff filed a two-count "Complaint to Determine Dischargeability" pursuant to 11 U.S.C. §§ 523(a)(2) (Count I) and 523(a)(6) (Count II) on September 28, 2011. She subsequently moved for summary judgment with respect to both counts. The Defendant filed an Opposition to the Plaintiff's Motion for Summary Judgment and a Cross-Motion for Summary Judgment on Count II. The Court heard the Plaintiff's Motion for Summary Judgment and the Defendant's Cross-Motion on March 6, 2013. The Court took the Plaintiff's Motion for Summary Judgment as to Count I under advisement, and, as noted above, granted the Plaintiff's Motion for Summary Judgment with respect to that count. The Court incorporates its Memorandum dated May 15, 2013 with respect to Count I herein.

At the March 6, 2013 hearing, the Court afforded the Plaintiff an opportunity to amend her complaint as to Count II under 11 U.S.C. § 523(a)(6). The Plaintiff filed a First Amended Complaint on March 21, 2013. The Defendant filed a Motion to Dismiss both Counts I and II of the amended complaint on April 2, 2013. Because the Court has granted the Plaintiff summary judgment as to Count I, the Debtor's Cross-Motion for Summary Judgment as to Count II of the original complaint and the Motion to Dismiss Count I of the amended complaint are moot. Accordingly, only the Debtor's Motion to Dismiss Count II of the amended complaint is before the Court.

**III. THE AMENDED COMPLAINT**

In her amended complaint, the Plaintiff recounted the chronology of her claims against the Debtor arising out of a construction project, including the jury verdict in her favor on her breach of contract and fraud claims. With respect to Count II, she alleged the following:

> Spagnuolo engaged in willful and malicious conduct that damaged the Plaintiff. He intended to cause said damage, or knew with substantial certainty that his actions would damage the Plaintiff, and had no justification or excuse for the actions that caused the damage.
>
> The Defendant was engaged to perform and supervise extensive renovations to the Plaintiff's real property located at 131 Timberlane Drive, Mashpee, Massachusetts (the "Property"), and quoted a total cost of $200,000.00, however, despite the Plaintiffs [sic] request for a written contract, the Defendant refused to provide the Plaintiff with a written contract prior to commencement of the project, advising her that "she would save a lot of money if no written contract was signed" and that "she should pay him for work and materials and he would obtain subcontractors and she should pay them directly.
>
> Based on the Defendants [sic] review and approval of construction drawings, and his verbal representations, the Plaintiff, on October 10th, 16th and 24th of 2005 entered into a series of agreements with the Plaintiff for work, labor and materials, however, as soon as work began, the Defendant began demanding large sums of money from Plaintiff, far in excess of reasonable compensation for the particular services to be performed. From October 17, 2005, through December 19, 2005, the Plaintiff gave the Defendant a total of $142,623.00.
>
> In addition to the foregoing, from October 18, 2005 through November 23, 2005 the Plaintiff paid the Defendants [sic] subcontractors a total of $27,565.00. Unbeknownst to the Plaintiff, many of the subcontractors were family members of the Defendant.
>
> In total, the Plaintiff paid the Defendant and his subcontractors in excess of the quoted price of $200,000.00, however, the Defendant failed to obtain

3

proper and required permits, and the permit he did obtain was incomplete, incorrect and signed without authorization from the Plaintiff. The Defendants [sic] work was shoddy, incomplete and not done in a workmanlike manner.

For example, at the time the Defendant left the job (i) the interior of the house was a shell with only stud walls and no finished plumbing, electrical, insulation, wallboard, fixtures, cabinets or flooring, (ii) he demolished the basement floor and replaced it with a 2 inch thick sub-standard uneven floor (iii) he failed to pour appropriate foundations under columns, resulting in the need to tear out and replace same, (iv) in violation of Code he failed to use pressure treated wood for the sills, and lied to the Plaintiff as to the reason why, that water touching the pressure treated wood would result in poison being released into the basement, (v) he failed to frame in accordance with Code, (vi) he failed to properly install the deck, windows and roofing, and (vii) he failed to have the plumbing and electrical work inspected.

The Defendant engaged in a pattern of deliberately deceptive and fraudulent behavior including, but not limited to (i) dissuading the Plaintiff from entering into a written contract that complied with the requirements of M.G.L. chapter 142A, (ii) failing to obtain necessary and proper permits, (iii) grossly overcharging for the work that was done, (iv) failing to complete the work he was paid for, (v) intentionally misleading the Plaintiff as to the reason he was not doing certain work according to Code, (vi) insisting on "up front" payments in excess of the reasonable value of the work to be done, and (vii) hiring family members as subcontractors without disclosing same to the Plaintiff.

The Defendant's behavior as described above, in misrepresenting important facts including the cost to do the construction remodeling services, the materials to be used, the subcontractor work, the payments made to them, and the actual construction or remodeling work done on the Plaintiff's property constitutes intentional fraud.

The Defendants actions [sic] were taken in order to induce the Plaintiff to rely upon his misrepresentations, knowing he would cause damage to the Plaintiff. The Plaintiff would not have relied upon the Defendants [sic] representations had she known the true state of affairs.

As a result of the Defendants [sic] deliberate actions, the Plaintiff suffered substantial damage in the amount of $250,000.00, as determined by the State Court, which should be exempted from discharge in the Debtor's bankruptcy.

> In committing the acts hereinabove described, the Debtor acted willfully, maliciously, without justification and with deliberate intent to harm the Plaintiff.

## IV. THE MOTION TO DISMISS AND OPPOSITION

The Defendant, relying upon, inter alia, Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atl. v. Twombly, 550 U.S. 544, 549 (2007), argues that, even accepting the Plaintiff's well-pleaded facts as true, the Plaintiff has failed to state a plausible claim to relief, merely setting forth legal conclusions without concomitant facts to support a claim under § 523(a)(6). Relying upon Trenwick Am. Reinsurance Corp. v. Swasey (In re Swasey), 488 B.R. 22 (Bankr. D. Mass. 2013), he maintains that the Plaintiff cannot rely upon the jury verdict entered in the Middlesex Superior Court, and, in addition, has not pointed to any facts in her amended complaint that would support a "willful injury," as opposed to intentional or deliberate acts leading to injury.

The Plaintiff, in her Opposition, failed to separately address § 523(a)(6), focusing solely on the her claim under § 523(a)(2)(A). She merely stated that "he [the Debtor] did nothing a contractor of his experience would or should do which demonstrates not negligence, but intentional misrepresentations. Accordingly, the Plaintiff has stated sufficient facts to support a claim under 11 U.S.C. sections 523 (a) (2) and (6)." Alternatively, she requests this Court to order her to file a more definite statement.

## V. DISCUSSION

In Swasey, this Court considered whether a Ch. 93A judgment entered against the debtor by the United States District Court for the District of Massachusetts collaterally estopped the debtor from litigating an action to except the judgment from discharge under

§ 523(a)(6), where the district court "'determined that Swasey, individually and through the two codefendants that he controlled, disavowed a reinsurance contract in bad faith, raised sham defenses, gave false and misleading testimony, and engaged in other outrageous pre- and post-litigation misconduct in a deliberate effort to frustrate Plaintiffs' contractual rights.'" 488 B.R. at 25 (citing the plaintiff's complaint at ¶ 13).

The Plaintiff relies upon the Debtor's fraud and deceit to support her claim under § 523(a)(6). Subsections (a)(2)(A) and (a)(6) of § 523, however, have different elements and require different proof. Although the jury found that the Debtor's conduct was fraudulent, that the Debtor breached his contract with the Plaintiff, and that the Debtor violated Mass. Gen. Laws ch. 93A and ch. 142A, the Plaintiff's claims in the Superior Court and the jury's verdict did not mirror a federal claim for an exception to discharge for a willul and malicious injury. In sum, the Plaintiff failed to state a plausible claim for a "willful and malicious injury by the debtor to another entity or to the property of another entity," *see* 11 U.S.C. § 523(a)(6), within the parameters established by the Supreme Court in Kawaauhau v. Geiger, 523 U.S. 57, 61–62, 64 (1998), and the United States Court of Appeals for the First Circuit in Printy v. Dean Witter Reynolds, Inc., 110 F.3d 853 (1st Cir. 1997). For purposes of § 523(a)(6) the Supreme Court has determined that the actor must intend the injury, not just the act that leads to the injury, thereby permitting the discharge of recklessly or negligently inflicted injuries. The Plaintiff failed to set forth factual allegations apart from conclusory statements as to liability under § 523(a)(6). Her claims under § 523(a)(2)(A), without more, simply do not support a claim under § 523(a)(6).

## VI. CONCLUSION

Upon consideration of the foregoing, the Court shall enter an order granting the Defendant's Motion to Dismiss Count II of the Plaintiff's First Amended Complaint. The Motion to Dismiss Count I is moot.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: May 15, 2013